FILED
MAY 5 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDGE COAR

MAGISTRATE JUDGE ASHMAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| COLUMBIA CASUALTY COMPANY, an Illinois insurance company, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| ONEBEACON AMERICA INSURANCE COMPANY, a Massachusetts insurance company, f/k/a COMMERCIAL UNION INSURANCE COMPANY, and successor-in-interest to COMMERCIAL UNION REINSURANCE COMPANY, formerly a Massachusetts insurance company, | ) ) ) ) ) ) ) ) ) |
| Defendant. | ) ) ) |

Case No. 05C 2687

JURY DEMAND

## COMPLAINT

Plaintiff Columbia Casualty Company ("Columbia Casualty"), for its causes of action, states as follows:

1. This is an action for breach of a reinsurance contract described in more detail below (the "Contract").

2. Plaintiff and its affiliate, Transcontinental Insurance Company ("TIC"), entered into a settlement agreement whereby they agreed to pay a substantial sum of money over eight (8) years to fully resolve their respective liabilities pursuant to certain insurance policies issued to Dynalectron Corporation ("Dynalectron"). After making a payment under the settlement agreement that triggered the obligations of Defendant OneBeacon America Insurance Company ("OneBeacon") under the Contract, Columbia Casualty billed OneBeacon for OneBeacon's share

of the reinsurance recoverable on that settlement payment. OneBeacon has refused to pay the amounts now due under the Contract and has contested its obligation to pay OneBeacon's share of reinsurance recoverable on the remaining scheduled settlement payments. Accordingly, Columbia Casualty brings this action to recover damages resulting from OneBeacon's breach of the Contract, and to obtain a declaration from the Court that the Contract obligates OneBeacon to pay, when billed, its share of the reinsurance recoverable on Columbia Casualty's remaining scheduled settlement payments.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Columbia Casualty and OneBeacon are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.  This Court has personal jurisdiction over OneBeacon because, upon information and belief, OneBeacon has transacted and continues to transact substantial business in the State of Illinois, OneBeacon is an insurance company that is licensed by the Illinois Department of Insurance, and/or because OneBeacon otherwise has the requisite minimum contacts with the State of Illinois.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6.  Columbia Casualty is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

7.  OneBeacon is an insurance company organized under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts. OneBeacon is licensed by the Illinois Department of Insurance to do business in Illinois. OneBeacon was

formerly known as Commercial Union Insurance Company, another insurance company organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts. OneBeacon is the successor-in-interest to Commercial Union Reinsurance Company ("Commercial Union"), a former insurance company that had been organized under the laws of the State of Massachusetts, and had its principal place of business in Boston, Massachusetts. Commercial Union entered into the Contract at issue with Columbia Casualty.

## BACKGROUND

### The Contract

8. The Contract is a reinsurance facultative certificate bearing certificate number 00277A and issued by Commercial Union to Columbia Casualty for the period July 1, 1981 through July 1, 1982.

9. A reinsurance contract is an arrangement whereby one insurance company, known as the "ceding company" or the "cedent," obtains insurance from another professional insurer, known as the "reinsurer," in order to transfer some or all of the insured risk the cedent has assumed. In this case, Columbia Casualty was the cedent, and Commercial Union was the reinsurer.

10. The particular reinsurance contract at issue in this case provides "facultative reinsurance," a type of reinsurance coverage that is negotiated on an individual basis and applies to a single risk assumed by the cedent. In this case, the individual risk that Commercial Union agreed to reinsure was Columbia Casualty's liability under an excess liability insurance policy, numbered RDX 417-02-36, issued by Columbia Casualty to Dynalectron Corporation (the "Underlying Policy"). The Underlying Policy provided excess liability insurance coverage to

3

Dynalectron Corporation and its wholly-owned subsidiary, Fuller-Austin Insulation Company ("Fuller-Austin").

11. Pursuant to the Contract, Commercial Union agreed to reinsure Columbia Casualty for its liability under the Underlying Policy up to a limit of $2 million, part of $20 million each occurrence and $20 million in the aggregate, excess of $30 million each occurrence and $30 million in the aggregate, excess of the limits of the Underlying Policy.

12. Commercial Union accepted premium payments from Columbia Casualty in exchange for Commercial Union's agreement to reinsure Columbia Casualty pursuant to the Contract.

### The Fuller-Austin Settlement

13. Pursuant to the Underlying Policy, Dynalectron's subsidiary, Fuller-Austin, presented certain claims to Columbia Casualty relating to Fuller-Austin's liability for alleged asbestos-related injuries (the "Asbestos Claims"). In 1994, Fuller-Austin also initiated a declaratory judgment action against Columbia Casualty and other insurers seeking to establish the insurers' obligations to Fuller-Austin under various insurance policies, including the Underlying Policy.

14. In 1998, Fuller-Austin filed a petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code. The bankruptcy court approved a reorganization plan that resulted in the creation of the Fuller-Austin Asbestos Settlement Trust (the "Trust"). As part of the reorganization plan, the bankruptcy court established procedures for the submission and processing of claims by asbestos claimants to the Trust. The Trust assumed certain assets of Fuller-Austin, including the Underlying Policy and other insurance policies.

15. In February 2002, the court presiding over the declaratory judgment action ruled, based on the bankruptcy court's approval of the reorganization plan, that the excess insurers of Fuller-Austin (including Columbia Casualty) had a present obligation to pay Fuller-Austin for all pending and future Asbestos Claims. The court ruled that this present obligation arose upon the bankruptcy court's approval of the reorganization plan, finding Fuller-Austin liable for all pending and future Asbestos Claims. The present value of future claims was later estimated by the jury in the declaratory judgment action to exceed the amount of insurance issued by the excess insurers.

16. In December 2002, Columbia Casualty, its affiliate TIC, and Fuller-Austin executed a settlement agreement. Under the terms of the agreement, Columbia Casualty and TIC agreed to make certain payments to Fuller-Austin under an agreed schedule to resolve their respective liabilities to Fuller-Austin ("the Settlement Agreement").

17. Columbia Casualty notified OneBeacon and/or its agent of the Settlement Agreement with Fuller-Austin.

**Defendant's Wrongful Refusal To Pay**

18. On or before January 31, 2003, Columbia Casualty paid the first payment required by the Settlement Agreement. This first payment did not implicate the reinsurance provided by Commercial Union pursuant to the Contract.

19. On or before January 31, 2004, Columbia Casualty paid the second payment required by the Settlement Agreement. This second payment implicated the reinsurance provided by Commercial Union pursuant to the Contract. On February 2, 2004, Columbia Casualty billed OneBeacon for $456,083.70, its allocable share of the second settlement payment pursuant to the Contract.

20. On or before January 31, 2005, Columbia Casualty paid the third payment required by the Settlement Agreement. This third payment implicated the reinsurance provided by Commercial Union pursuant to the Contract. On January 26, 2005, Columbia Casualty billed OneBeacon $1,514,574, its allocable share under the Contract.

21. OneBeacon refuses to pay the $1,970,658 due under the Contract.

22. As a result of the OneBeacon's refusal to pay the $1,970,658 due under the Contract, a dispute arose between the Columbia Casualty and OneBeacon.

23. OneBeacon's refusal to pay the sum due and owing under the Contract constitutes a breach of contract.

## COUNT I: CLAIM FOR BREACH OF CONTRACT

24. Plaintiff restates and realleges the allegations set forth in paragraphs 1-23, as if fully set forth herein.

25. The Contract at issue in this case constitutes a valid and enforceable contract that was entered into for valid consideration.

26. Columbia Casualty has performed its obligations under the Contract.

27. OneBeacon is obligated under the Contract to follow the settlements of Columbia Casualty. OneBeacon has breached the Contract by failing to follow Columbia Casualty's settlement with Fuller-Austin.

28. OneBeacon has breached the Contract by failing to pay to Columbia Casualty the amounts due under the Contract.

29. Columbia Casualty has been damaged by OneBeacon's breach of contract in amounts in excess of $1,970,658.

30.     Columbia Casualty is entitled to pre-judgment interest on the amounts due under the Contract pursuant to 815 ILCS 205/2.

### COUNT II: CLAIM FOR ANTICIPATORY BREACH OF CONTRACT

31.     Plaintiff restates and realleges the allegations set forth in paragraphs 1-30, as if fully set forth herein.

32.     The Settlement Agreement requires Columbia Casualty to make additional payments to Fuller-Austin over the next five (5) years.

33.     Following each scheduled payment to Fuller-Austin, Columbia Casualty will bill One Beacon for additional amounts owed under the Contract for OneBeacon's allocable share of Columbia Casualty's liability until the limits of the Contract have been exhausted.

34.     In addition to refusing to pay the amounts now billed, OneBeacon denies any liability to Columbia Casualty for expected billings under the Contract related to the additional, scheduled settlement payments to Fuller-Austin. OneBeacon's refusal to pay those expected billings from Columbia Casualty will further breach the Contract and cause additional injury to Columbia Casualty.

35.     Pursuant to 28 U.S.C. §2201, an actual controversy exists between Columbia Casualty and OneBeacon with respect to the Contract, and this Court has the authority to declare the parties' rights and duties pursuant to the Contract.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

   a)   A judgment that Defendant is in breach of contract;

    b)    An award of compensatory damages in an amount in excess of $1,970,658 together with pre-judgment interest;

    c)    A judgment declaring that Defendant is obligated to pay all additional amounts subsequently due under the Contract and related to Plaintiff's liability for scheduled payments under the Settlement Agreement; and

    d)    An award of such other relief as the Court deems fair and just.

Dated: May 5, 2005

COLUMBIA CASUALTY INSURANCE COMPANY

One of the Attorneys for Plaintiff

Robert N. Hermes (3124396)
Catherine E. Lamsens (6237505)
Joseph P. Noonan (6278142)
BUTLER RUBIN SALTARELLI & BOYD
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
(312) 444-9660
Attorneys for Plaintiff Columbia Casualty Insurance Company

W:\C\CNA\Dynalectron\Pleadings\complaint.050429.CEL.doc